# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| GLENNTEX, INC. D/B/A TEXAS FOUR ARCHITECTS | § § § | |
| v. | § | 1:18-CV-973-LY |
| | § | |
| DRENNAN DAY CUSTOM HOMES, INC., et al. | § § § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO: THE HONORABLE LEE YEAKEL
UNITED STATES DISTRICT JUDGE

Before the Court are Defendants' Joint 12(b)(6) Motion to Dismiss Plaintiff's First Amended Complaint (Dkt. No. 18); Plaintiff's Response (Dkt. No. 19); and Defendants' Reply (Dkt. No. 20). The District Court referred the above motion to the undersigned Magistrate Judge for report and recommendation pursuant to 28 U.S.C. §636(b)(1)(A), FED. R. CIV. P. 72, and Rule 1(c) of Appendix C of the Local Rules.

## I. GENERAL BACKGROUND

Glenntex, Inc. d/b/a Texas Four Architects ("Glenntex") is an architectural firm that creates, publishes, distributes and licenses architectural works and technical drawings depicting those architectural works, including residential home designs and construction plans for them. In 2013, Glenntex created an original architectural work of a residential house known as "Plan L-2316."[1] Glenntex then licensed Plan L-2316 to Prince Development, LLC, a custom home builder, on a nonexclusive basis. Prince Development proceeded to build a model home in Georgetown, Texas that was based on Plan L-2316.

---

[1] Glenntex has filed the proper application, paid the requisite fees, and deposited the necessary copies of the works with the United States Copyright Office.

Glenntex alleges that in early 2015, Ken Carson and Connie Streid (the "Carsons") visited the model home and expressed an interest in building a modified version of the house on their property in Liberty Hill, Texas. Prince Development referred the Carsons to Glenntex. After Glenntex met with the Carsons, it created a modified version of Plan L-2316 (the "Carson-Streid Design") and offered to create technical drawings depicting the design and to license the design to the Carsons. Subsequently, the Carsons rejected Glenntex's offer and informed Glenntex that they would instead be using a plan they had found on the internet which was substantially cheaper.

Instead of purchasing a different plan online, however, Glenntex alleges that the Carsons created a set of plans (the "Infringing Plans") by redrawing Plan L-2316 and the Carson-Stried Design with a computer-assisted drafting program. Glenntex alleges that the Carsons then distributed copies of the Infringing Plans to Drennan Day Custom Homes, Inc. ("DDCH") and induced DDCH to construct a house for them from the Infringing Plans. Glenntex also alleges that DDCH and Howard Clark, the principal of DDCH, then distributed copies of the Infringing Plans to subcontractors, materials suppliers, and governmental authorities, and constructed the house depicted in the plans at 702 Sunny Slope, Liberty Hill, Texas (the "Infringing House"). Glenntex alleges that it became aware of the Infringing House in 2018.

On November 13, 2018, Glenntex filed the instant lawsuit against DDCH, Clark and the Carsons ("Defendants") alleging copyright infringement under 17 U.S.C. §§ 1101 *et seq.* In addition to damages, Glenntex seeks a preliminary and permanent injunction for the alleged infringement. Defendants jointly move to dismiss, arguing that Glenntex has failed to allege sufficient facts to support a claim of copyright infringement.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a party to move to dismiss an action for failure to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). Rule 12(b)(6) must

be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). A complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556).

A court considering a motion to dismiss must accept "all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Martin K. Eby Const. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004). While a court must accept all of the claimant's well-pleaded facts as true, it is not bound to accept as true conclusory allegations or allegations that merely restate the legal elements of a claim. *See Chhim v. Univ. of Texas at Austin*, 836 F.3d 467, 469 (5th Cir. 2016) (citing *Iqbal*, 556 U.S. at 678). In short, a claim should only be dismissed if a court determines that it is beyond doubt that the claimant cannot prove a plausible set of facts that support the claim and would justify relief. *See Twombly*, 550 U.S. at 570. Lastly, the Court notes that a motion to dismiss pursuant to Rule 12(b)(6) is generally disfavored and rarely granted. *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011).

### III. ANALYSIS

A claim for copyright infringement requires that the plaintiff show "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *BWP Media USA, Inc. v. T & S Software Assocs., Inc.*, 852 F.3d 436, 439 (5th Cir.), *cert. denied*, 138 S. Ct. 236 (2017)

(quoting *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991)). Defendants contend that Glenntex has failed to plead sufficient facts to support a claim of copyright infringement in this case. "Copyright infringement claims are not subject to a heightened pleading standard." *AK FortySeven Records Ltd. Co. v. Bahamas Ministry of Tourism*, 2018 WL 1877020, at *2 (S.D. Tex. Apr. 19, 2018); *see also, Guzman v. Hacienda Records & Recording Studio, Inc.*, 2013 WL 2189952, at *2 (S.D. Tex. May 20, 2013). Rather, the purpose of the complaint is to give fair notice to the defendant of the claims that it must defend against. *Arista Records, LLC v. Greubel*, 453 F. Supp. 2d 961, 965 (N.D. Tex. 2006).

**A.     Ownership of Valid Copyright**

"To establish 'ownership' of the material the plaintiff must show that the material is original, the material can be copyrighted, and compliance with all statutory formalities." *Geoscan, Inc. of Texas v. Geotrace Techs., Inc.*, 226 F.3d 387, 393 (5th Cir. 2000). Defendants do not dispute that the Glenntex has complied with all of the statutory formalities of registering its copyright but instead argue that Glenntex has failed to plead facts demonstrating the elements of the work that is original. "To qualify for copyright protection, a work must be original to the author." *Feist Publications, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 345 (1991). As the Supreme Court has explained:

> Original, as the term is used in copyright, means only that the work was independently created by the author (as opposed to copied from other works), and that it possesses at least some minimal degree of creativity. To be sure, the requisite level of creativity is extremely low; even a slight amount will suffice. The vast majority of works make the grade quite easily, as they possess some creative spark, "no matter how crude, humble or obvious" it might be. Originality does not signify novelty; a work may be original even though it closely resembles other works so long as the similarity is fortuitous, not the result of copying. To illustrate, assume that two poets, each ignorant of the other, compose identical poems. Neither work is novel, yet both are original and, hence, copyrightable.

*Id.* at 345-46 (internal citations omitted).

Regarding originality, Glenntex alleges it created Plan L-2316 and the Carson-Stried Design and is the sole owner of the copyrights in them, that it properly registered the plans, and that the plans "constitute and contain material wholly original to Plaintiff, including the overall look and feel of the works, and the selection and arrangement of the constituent parts of the work." Dkt. No. 17 at 3. Defendants contend that these allegations are insufficient because "[m]ere reference to the 'overall look and feel' or the 'selection and arrangement of the constituent parts' of an architectural work does not sufficiently identify the elements of the work that are original to its author." Dkt. No. 18 at 4. Defendants are mistaken. As noted, copyright infringement claims are not subject to a heightened pleading standard.[2] As the Supreme Court has stated, originality "means only that the work was independently created by the author. . .and that it possesses at least some minimal degree of creativity." *Feist*, 499 U.S. at 345. Glenntex has alleged sufficient facts to raise a plausible claim that the work was original in this case.[3]

---

[2]*See Bahamas Ministry of Tourism*, 2018 WL 1877020, at *2; *Floatec, LLC v. Magnuson,* 2013 WL 5873363 at * 3 (S.D. Tex. Oct. 30, 2013) (finding mere allegation of ownership sufficient at pleading stage); *Guzman v. Hacienda Records & Recording Studio, Inc.*, 2013 WL 2189952, at *1 (S.D. Tex. May 20, 2013) (rejecting argument plaintiff was required to allege exact elements copied); *Bruemmer v. Reardon*, 2012 WL 5989355, at *3 (W.D. Mich. Nov. 29, 2012) (finding plaintiff is not required to allege which constituent elements of the work were original).

[3]Defendants also attempt to factually dispute the issue of originality, arguing that the floor plan of Plan L-2316 is not original. Dkt. No. 18 at 5-8. Whether those elements allegedly copied were sufficiently "original" are factual issues which are not subject to challenge at the Rule 12(b)(6) stage. *See Bill G. Perry Family Design, LLC v. New Generation Homes, LLC*, 2019 WL 1338420, at *2 (W.D. Okla. Mar. 25, 2019) ("And as to whether those elements copied were sufficiently 'original,' this issue involves factual questions inappropriate for resolution at the motion-to-dismiss stage."); *McNeese Photography, L.L.C. v. Access Midstream Partners, L.P.*, 2014 WL 3919575, at *2 (W.D. Okla. Aug. 11, 2014) ("A determination of whether plaintiffs' works contain sufficient originality to entitle them to copyright protection, however, involves questions of fact not ordinarily appropriate for resolution on a motion to dismiss."); *FragranceNet.com, Inc. v. FragranceX.com, Inc.*, 679 F. Supp. 2d 312, 320 (E.D.N.Y. 2010) (originality is "a factual issue. . .inappropriate for determination on a motion to dismiss" and one best resolved "on a motion for summary judgment, after the parties have conducted discovery and had the opportunity to submit evidence on the

**B.     Copying**

Defendants next argue that Glenntex has failed to allege facts that would constitute direct evidence of actual copying or circumstantial evidence of copying. This argument fails. Copying is a "'short hand reference to the act of infringing any of the copyright owner's five exclusive rights set forth under § 106.'" *Ford Motor Co. v. Summit Motor Products, Inc.*, 930 F.2d 277, 291 (3d Cir. 1991) (quoting *Paramount Pictures v. Video Broadcasting Systems*, 724 F.Supp. 808, 819 (D. Kan. 1989)), *cert. denied*, 502 U.S. 939. "Copying is demonstrated when someone who had access to a copyrighted work uses material substantially similar to the copyrighted work in a manner which interferes with a right protected by 17 U.S.C. § 106." *Gamma Audio & Video, Inc. v. Ean–Chea*, 11 F.3d 1106, 1115 (1st Cir. 1993) (citation omitted). Among the rights protected under 17 U.S.A.C. § 106 are the rights to reproduce, distribute, and prepare derivative works based on the copyrighted work. 17 U.S.C.A. § 106. "Factual copying can be proved by direct or circumstantial evidence," and "may be inferred from (1) proof that the defendant had access to the copyrighted work prior to creation of the infringing work and (2) probative similarity." *Positive Black Talk Inc. v. Cash Money Records, Inc.*, 394 F.3d 357, 368 (5th Cir. 2004) (internal quotations omitted).

Glenntex has alleged sufficient facts to show a plausible claim of copying by alleging both direct and circumstantial evidence of copying. Regarding direct evidence of copying, Glenntex alleges that the Carsons "created a set of plans . . . by redrawing Plan L-2316 and the Carson-Stried Design with a computer assisted drafting program." Dkt. No. 17 at ¶ 21. Glenntex further alleges that the Defendants distributed copies of the Infringing Plans and DDCH constructed the house in question. Taken as true, the Court finds that Glenntex has alleged sufficient facts to show direct evidence of copying.

---

issue.").

Even if such facts were not sufficient, Glenntex has also alleged circumstantial evidence of copying—that the Defendants had access to the copyrighted work prior to creation of the infringing work, and that the two works are substantially similar. The complaint alleges that the Carsons visited the Prince Development model house and had a reasonable opportunity to view a constructed version of Plan L-2316. That is sufficient to show access at the pleading stage. *See, e.g., Hewlett Custom Home Design, Inc. v. Frontier Custom Builders, Inc.*, 588 F. App'x 359, 360 (5th Cir. 2014). Glenntex also alleges that the Carsons met with Glenntex to discuss their potential use of Plan L-2316. This also establishes that the Carsons had a "reasonable opportunity to view" the works in suit. There is no requirement under copyright law that the Carsons view the actual plans; viewing the constructed architectural work is enough. *Id.* Glenntex has alleged that its plan is original, that the Carsons copied it, that the Carsons' plans and the house constructed from them are copies or derivatives of Glenntex's works, and that Clark admitted that the house he constructed was a "nearly exact match." *E.g.*, Dkt. No. 17 at ¶ 37. This is sufficient at this stage to demonstrate that there are probative and substantial similarities between the works. *See Schumacher Homes of Louisiana, Inc. v. R.E. Washington Constr. LLC*, 2016 WL 5415083, at *2 (W.D. La. Sept. 27, 2016). And because Glenntex pled that DDCH and Clark built a house based upon their plan, the Carsons' access is imputed to DDCH and Clark, thereby sufficiently pleading a copyright infringement claim against them as well. *See Kemar Int'l v. Russ Berrie & Co.*, 657 F.2d 1059, 1062 (9th Cir. 1981).

**C.    Substantial Similarity**

Finally, Defendants argue that the alleged infringing works are not substantially similar to Glenntex's architectural works. Because the two plans are not attached to the Complaint, the Court cannot make a side-by-side comparison of the designs, and anything more would go beyond what is allowed at the motion to dismiss stage.

7

## IV. RECOMMENDATION

Based upon the foregoing, the undersigned Magistrate Judge **RECOMMENDS** that the District Court **DENY** Defendants' Joint 12(b)(6) Motion to Dismiss Plaintiff's First Amended Complaint (Dkt. No. 18).

## V. WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(c); *Thomas v. Arn*, 474 U.S. 140, 150-53, 106 S. Ct. 466, 472-74 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED this 21st day of November, 2019.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE